UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE J. THINNA, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1307 |
| | : |
| JEFFREY A. BEARD, ET AL., | : (Judge Kosik) |
| | : |
| Defendants | : |

**O R D E R**

**Background**

Jackie J. Thinna, an inmate currently incarcerated at the State Correctional Institution at Waymart (SCI-Waymart), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 3, 2006. Along with the complaint, an application to proceed in forma pauperis and motion for appointment of counsel were submitted.[1] Named as defendants in this action are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"); Alan B. Fogel, DOC Medical Director; and the following SCI-Waymart medical personnel: Dr. S. Roach, Dr. Malik; Janan Loomis; and Jennifer Villanova. In the complaint, Thinna contends that defendants were deliberately indifferent to his medical needs in regard to surgery and the

---

[1] Thinna completed this court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on July 3, 2006 (Doc. 5), directing the warden at SCI-Waymart to commence deducting the full filing fee from plaintiff's prison trust fund account.

associated aftercare in May and June of 2004.  His claims include the failure to put a drainage tube in the surgical wound or prescribe any type of post-operative treatment, the premature removal of staples from the wound and the inadvertent removal of his left nipple. Plaintiff seeks declarative, compensatory and punitive relief.  Service of the complaint will be directed on defendants and the motion for appointment of counsel will be denied without prejudice at this time.

**Discussion**

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915.  Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  In this case, while Thinna's complaint alleges deliberate indifference to medical care, the case is still in a premature stage as service is just now being directed upon defendants.  Further, a weighing of the other

pertinent factors militate against appointment of counsel at this time.  Those factors are:

     1.  The plaintiff's ability to present his or her own case;

     2.  The difficulty of the particular legal issues;

     3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

     4.  The plaintiff's capacity to retain counsel on his or her own behalf;

     5.  The extent to which a case is likely to turn on credibility determinations; and,

     6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Plaintiff contends that he is unable to afford counsel and the issues involved in his case are complex.  He states that he has a limited knowledge of the law and that his access to the prison law library is limited.

The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand.  A review of plaintiff's filings thus far demonstrate his ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case which are understandable.  A review of the filings confirms that plaintiff is literate and is capable of representing himself despite his incarceration.  Accordingly, his motion for the appointment of counsel will be denied without prejudice at this time.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court sua sponte or the filing of a motion by plaintiff.

3

**NOW, THIS 11th DAY OF JULY, 2006, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.

2. The United States Marshal is directed to serve a copy of the complaint (Doc. 1) and this Order on the named defendants.

s/Edwin M. Kosik  
United States District Judge