UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JACKIE J. THINNA,                          :
                                           :
          Plaintiff                        :
                                           :
     v.                                    :   CIVIL NO. 3:CV-06-1307
                                           :
JEFFERY A. BEARD, et al.,                  :   (Judge Kosik)
                                           :
          Defendants                       :

**M E M O R A N D U M**

## I.    Introduction

Jackie Thinna, an inmate confined at the State Correctional Institution at

Waymart (SCI-Waymart), Pennsylvania, filed this civil rights action pursuant to 42

U.S.C. § 1983 on July 3, 2006.  Named as defendants are Department of Corrections

(DOC) employees Jeffery A. Beard, Secretary and Alan B. Fogel, Medical Director.

Also named are SCI-Waymart employees Dr. Malik, Dr. Roach, Dr. Purcell and Janan

Loomis and Jennifer Villano.[1] Plaintiff also names "Mr. Tom" as a defendant. In the

complaint, Plaintiff sets forth claims of inadequate medical care in violation of the

---

[1]  In the complaint, Plaintiff improperly refers to Villano as Villanova.  Loomis and Villano are physician assistants employed by Prison Health Services, Inc., a private corporation, under contract with the DOC to provide medical services to SCI-Waymart.

Eighth Amendment.  Service of the complaint was directed on July 11, 2006 (Doc.

8).[2]  On January 18, 2007, the court granted a motion filed by Plaintiff to substitute

Dr. Bekele for defendant Dr. Malik.  (Doc. 22.)  Malik was thereafter terminated from

this action, and service of the complaint directed on Bekele.  The purpose of this

Memorandum is to address various motions presently pending on the docket in this

action.

## II.     Background

In the complaint Plaintiff contends that defendants were deliberately indifferent

to his medical needs in May and June of 2004, apparently following a surgical

procedure.  He specifically claims that Defendants failed to put a drainage tube in his

surgical wound or prescribe any type of aftercare for him following surgery.  He

states that Beard is liable; because he is responsible for all persons employed by the

DOC and, as such, responsible for the injuries he received by Defendants Roach and

Bekele.  He contends that Fogel, as Medical Director of the DOC, is responsible for

all actions of the medical personnel and, therefore, also responsible for the actions of

Roach and Bekele.  He alleges that Dr. Roach violated his rights with regard to his

---

[2] On February 1, 2007, the summons was returned unexecuted as to "Dr. Tom" noting that the U.S. Marshal Service was unable to identify any such person at SCI-Waymart.  (Doc. 24.)  This entry has appeared on the docket for almost five (5) months and Plaintiff has failed to provide the court with any further information to assist in the service of the complaint on this individual.  As such, Dr. Tom will be dismissed from the complaint.

surgery and aftercare when he did not put a drainage tube in his wound following surgery or prescribe any type of aftercare for him.  Plaintiff claims Bekele was deliberately indifferent when he removed his staples and his left nipple without first consulting the original attending surgeon, Dr. Roach.  According to Plaintiff, Defendants Loomis, Villano and Dr. Tom are responsible for "indifferent treatment in the aftercare concerning surgery."  (Doc. 1, Compl. at unnumbered p. 2a.)[3]  Plaintiff requests declaratory, compensatory and punitive relief.

Presently pending are motions to dismiss filed by Defendants Beard and Fogel (Doc. 14), Defendant Purcell (Doc. 28), Defendant Roach (Doc. 33) and Defendant Bekele (Doc. 40); a motion for summary judgment filed by Defendants Loomis and Villano (Doc. 19); and Plaintiff's third motion for the appointment of counsel (Doc. 37).

---

[3]  While the complaint itself is somewhat sketchy, the exhibits attached to the complaint fill in the following details.  Apparently Plaintiff was seen in March of 2004, and received a diagnosis and given treatment options for some unspecified condition.  Surgery was the treatment agreed upon.  Surgery was performed in May of 2004.  Plaintiff contends that he was returned to the prison directly following surgery and sent straight back to his block without being provided any type of post-operative aftercare or treatment.  He claims to have suffered a night filled with pain and awoke to discover his bed saturated in blood from the lack of proper drainage of the wound.  (Doc. 1, unnumbered Ex. 2.)  He states that the staples were thereafter removed prematurely and in so doing, his left nipple was removed, causing him irreparable damage both physically and mentally.  He thereafter was subjected to "indifferent" to "malicious" aftercare.

## III.   Discussion

### A.   Motion to Dismiss filed by Beard and Fogel

Defendants Beard and Fogel filed a motion to dismiss the complaint on September 18, 2006.  A brief in support was filed on September 27, 2006.  Because Plaintiff failed to oppose the motion or seek an enlargement of time within which to do so, an Order was issued by the court on January 18, 2007 (Doc. 22) directing Plaintiff to file his opposition to the motion within fifteen (15) days, and warning him that the failure to do so would result in the motion being granted without a merits analysis.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).  Because Plaintiff has failed to comply with the court's Order, Defendants' motion to dismiss will be granted.

### B.   Motion for Summary Judgment by Loomis and Villano

On November 29, 2006, Defendants Loomis and Villano filed a motion for summary judgment along with a supporting brief and statement of material facts. (Docs. 19-21.)  The basis of the motion is Plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e).  Because Plaintiff failed to respond to the motion, in the same Order referenced above issued on January 18, 2007, Plaintiff was directed to respond to the outstanding motion within fifteen (15) days.  (Doc. 22.)  He was warned that the failure to do so would result in the motion

for summary judgment being deemed unopposed and addressed on the merits.[4]  He
has failed to oppose the motion.

A motion for summary judgment may not be granted unless the moving party is
entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The court may grant a
motion for summary judgment if the pleadings, depositions, answers to
interrogatories, admissions on file, and any affidavits show that there is no genuine
issue as to any material fact.  Fed. R. Civ. P. 56 (c).  An issue of fact is "'genuine'
only if a reasonable jury, considering the evidence presented, could find for the
nonmoving party."  <u>Childers v. Joseph</u>, 842 F.2d 689, 693-94 (3d Cir. 1988)(citing
<u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially
upon the movant.  <u>Forms, Inc. v. American Standard, Inc</u>., 546 F. Supp. 3145, 320
(E.D. Pa. 1982).  Upon such a showing, the burden shifts to the nonmoving party. <u>Id</u>.
The nonmoving party is required to go beyond the pleadings and by affidavits or by
"depositions, answers to interrogatories and admissions on file" designate "specific
facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

---

[4]  Under the authority of <u>Stackhouse</u>, the Third Circuit has held that consistent
with local rules of court, a motion to dismiss may be granted without a merits analysis
"if a party fails to comply with the rule after a specific direction to comply from the
court." <u>Stackhouse</u>, 951 F.2d at 30.  Pursuant to local rules an unopposed motion for
summary judgment shall be deemed unopposed.  However, the court will then address
the merits of the motion.

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party.  White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988).  In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor.  Id. (citations omitted).  Plaintiff has failed to oppose Defendants' pending motion for summary judgment.  As such, the motion is deemed unopposed.  Moreover, since Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendants, all material facts set forth in Defendants' Statement of Material Facts (Doc. 21) will be deemed admitted.  See M.D. Pa. Local Rule 56.1.[5]

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law.  See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 126 S. Ct. 2378 (2006).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The PLRA also mandates that inmates "properly" exhaust administrative

---

[5] M.D. Pa. Local Rule 56.1 provides in relevant part as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

remedies before filing suit in federal court.  Woodford, 126 S. Ct. At 2387.  "Proper

exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings."  Id. at 2386.

Failure to substantially comply with procedural requirements of the applicable

prison's grievance system will result in a procedural default of the claim.  Spruill, 372

F.3d at 227-32 (3d Cir. 2004).

A prisoner does not have to allege in his complaint that he has exhausted

administrative remedies.  Jones v. Bock, 127 S. Ct. 910, 921 (2007).  Failure to

exhaust available administrative remedies is an affirmative defense.  As such, it must

be pleaded and proven by the Defendants.  Id.; Brown v. Croak, 312 F.3d 109, 111

(3d Cir. 2002).

The Pennsylvania Department of Corrections has an Inmate Grievance System

which permits any inmate to seek review of problems that may arise during the course

of confinement.  37 Pa. Code § 93.9(a) (West 2003); see also www.cor.state.pa.us,

DC-ADM 804, Inmate Grievance System Policy.  After an attempt to resolve any

problems informally, an inmate may submit a written grievance to the prison

Grievance Coordinator for initial review.  An inmate may appeal the decision of the

Grievance Coordinator to the Facility Manager (Superintendent) of the institution,

and can finally appeal to the Secretary of the Department of Corrections Office of

Inmate Grievances and Appeals.  See Booth v. Churner, 206 F.3d 289, 292 n.2 (3d

Cir. 2000)(discussing Pennsylvania's Inmate Grievance System).

In seeking summary judgment on the basis of exhaustion, Defendants'

statement of material facts and supporting documentation reveals that the only

grievance submitted by Plaintiff relating to the incidents set forth in the complaint

was submitted on December 15, 2005.  (Doc. 21, SMF, Ex. E.)  On December 23,

2005, Grievance Coordinator Alex Baznik responded to the grievance finding that it

lacked basis and concluding that Plaintiff had received appropriate care.  The

response does not reference either Loomis or Villano.  (Id., Ex. F.)  Plaintiff appealed

the denial of his grievance on January 1, 2006 to Superintendent Nish.  This was the

first time he complained about the care provided by Loomis and Villano after surgery.

(Id., Ex. G.) Nish denied the appeal on January 10, 2006.  (Id., Ex. H.) On May 5,

2006, Sharon Burkes, Chief Grievance Officer, issued a written denial of the appeal

stating, in relevant part:

> After a careful evaluation of this grievance, it is the decision
> of this office that your appeal be dismissed as untimely.
> DC-ADM 804 provides you with a period of 15 working
> days in which to appeal the response from the
> Superintendent.  While we will often exercise latitude in
> issues of timeliness, it is noted your appeal is well beyond
> the stipulated 15 day period and includes no reason for this
> delay.
>
> For the above stated reason, your appeal to final review is
> dismissed.

(Id., Ex. I.)  Based on the foregoing, Defendants maintain that Plaintiff failed to exhaust his claims against Loomis and Villano in that his appeal to the required third level of review was dismissed as untimely.

As previously stated, Plaintiff has failed to oppose Defendants motion, even after having been directed to do so.  While attached to Plaintiff's complaint are various documents relating to exhaustion attempts, there is nothing which controverts Defendants' submissions and suggests that Plaintiff exhausted his claims against Loomis and Villano.[6]  Accordingly, the summary judgment motion will be granted.

### C.    Plaintiff's Third Motion for Appointment of Counsel

Also pending is a third motion for appointment of counsel filed by Plaintiff in this matter on June 7, 2007.  (Doc. 37.)  As support for his request for counsel, Plaintiff again cites to his ninth grade education, his need to rely on others inmates for assistance who are no longer available, and his inability to pay for an attorney. The standard for considering a prisoner's request for counsel in a civil rights action was thoroughly set forth in the previous opinions issued by this court.  (Docs.  8, 22.) As such, it will not be reiterated herein.  For all of the same reasons cited in the denial of the earlier motions for counsel, the instant motion will also be denied.  Further,

---

[6] While in his untimely appeal to the Secretary's Office of Inmate Grievances and Appeals dated April 26, 2006 Plaintiff references an earlier appeal allegedly submitted to the Secretary's Office on January 13, 2006, Plaintiff submits no documentary evidence of any such appeal.  (Doc. 1, Compl., unnumbered Ex. 4.)

while Plaintiff states he no longer has inmates assisting him, he clearly is capable of responding to motions on his own, as indicated by the opposition brief he filed to Defendant Roach's motion to dismiss.

### D.   Motions to Dismiss filed by Defendants Purcell and Bekele

On March 27, 2007, Defendant Purcell filed a motion to dismiss the complaint on the basis of statute of limitations. (Doc. 28.)  On June 19, 2007, Defendant Bekele filed a motion to dismiss raising several grounds. (Doc. 40.)  Supporting briefs have been filed with respect to both motions.  Plaintiff has failed to file any opposition as of this date.  As Plaintiff has previously been warned in this court's Memorandum and Order of January 18, 2007, a motion to dismiss may be granted without a merits analysis if a party fails to comply with a local rule of court after a specific direction to comply from the court.  See Stackhouse, 951 F.2d 29, 30 (3d Cir. 1991); see also Doc. 22 at 3.  Accordingly, Plaintiff will be afforded fifteen (15) days from the date of this Order to respond to the outstanding motions to dismiss of Defendants Purcell and Bekele.  His failure to respond within the allotted time period will result in the dismissal of the complaint against these Defendants without a merits analysis under the authority of Stackhouse.

### E.   Motion to Dismiss filed by Defendant Roach

Defendant Roach filed a motion to dismiss the complaint against him on May 16, 2007.  A brief in support was filed the same day.  (Doc. 34.)  Plaintiff did respond

to this motion. On June 7, 2007, Plaintiff submitted his opposition brief.  (Doc. 38.)

No reply brief was filed by Roach.  As such, the motion is ripe for consideration.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a claim or

claims for "failure to state a claim upon which relief can be granted. . . ."  In

evaluating whether a claim is subject to dismissal, the court must accept all material

allegations of the complaint as true and construe all inferences in the light most

favorable to the Plaintiff.  See Mariana v. Fisher, 338 F.3d 189, 195 (3d Cir. 2003).

A complaint should not be dismissed for failure to state a claim unless it appears

"beyond doubt that the Plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 44-46 (1957); see

also Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).[7]  A litigant should

be granted leave to amend, but not if amendment would be inequitable or futile.

Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

---

[7] In the recent case of Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (May 21, 2007), the United States Supreme Court appears to have abrogated the holding in Conley to the extent that dismissal for failure to state a claim does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegation in the complaint.  In other words, the Court found that ". . . the Conley case described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  Id. at 1969. Thus, while a complaint does not need to set forth detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a mere recitation of the elements of a cause of action to survive a motion to dismiss. A right to relief must be presented as more than just abstract.  Id. at 1965.

Plaintiff alleges that Roach "is responsible of (sic) deliberate indifference in the surgery and aftercare of plaintiff on the dates of May and June of 2004 wherein he did not put a drainage tube in the surgical wound or prescribe any type of after care for the plaintiff." (Doc. 1, Compl. at 2.) Defendant first moves to dismiss the complaint on the basis of statute of limitations.

The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). In Pennsylvania, that period is two years. Id.; see 42 Pa. Con. Stat. § 5524. The statute begins to run from the date the plaintiff became aware that his constitutional rights were violated. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Defendants argue that based upon Plaintiff's own allegations in the complaint, it is clear that he was aware of the claimed constitutional violations by Defendant Roach in May of 2004. He specifically states that Roach was deliberately indifferent by not putting a drainage tube in the surgical wound and prescribing aftercare in conjunction with his surgery that occurred in May of 2004. In the exhibits attached to his complaint, Plaintiff describes being brought directly back to the institution following the surgery and sent straight to his block without having been provided any type of post-operative aftercare or treatment. He further details his alleged sleepless night filled with pain, and awakening to a bed saturated in blood due to the lack of proper drainage of the

wound.  (Doc. 1, Compl. at unnumbered Ex. 2.)  Despite the foregoing which clearly reveals that Plaintiff was aware of the alleged constitutional violations, he never filed the instant action until July 3, 2006.

In opposing Roach's motion, Plaintiff attempts to argue that he was not aware that "his disfigurement was irreversable (sic) until after he saw a plastic surgeon in August or September of 2004."  (Doc. 38 at 1.)  However, his own admissions in his complaint reveal that he was clearly aware of his claims against Defendant Roach immediately following surgery and the next day.  As such, the court finds the claims against Roach to be barred by the statute of limitations.  It is therefore unnecessary to address the remaining arguments set forth by Roach in the motion to dismiss.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JACKIE J. THINNA,                          :
                                           :
          Plaintiff                        :
                                           :
     v.                                    :   CIVIL NO. 3:CV-06-1307
                                           :
JEFFERY A. BEARD, <u>et al.</u>,           :   (Judge Kosik)
                                           :
          Defendants                       :

# O R D E R

_____NOW, THIS 5th DAY OF JULY, 2007, in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Defendant "Dr. Tom" is dismissed from this action.

2.  The motion to dismiss filed by Defendants Beard and Fogel (Doc. 14) is **granted**.  All claims set forth against these Defendants are dismissed.

3.  The motion for summary judgment filed by Defendants Loomis and Villano (Doc. 19) is **granted**.

4.  Plaintiff's third motion for the appointment of counsel (Doc. 37) is **denied without prejudice**.

5.  The motion to dismiss filed by Defendant Roach (Doc. 33) is **granted**. All claims set forth against Roach are dismissed.

6.      The only remaining Defendants in this action are Defendants Purcell
        and Bekele.  Within fifteen (15) days from the date of this Order,
        Plaintiff shall file his opposition to the motions to dismiss filed by
        Purcell and Bekele.  (Docs. 28, 40.)  The failure to file opposing briefs
        will result in the motions being granted without a merits analysis.


*s/EDWIN M. KOSIK*
United States District Judge