UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JACKIE J. THINNA, :
:
      Plaintiff :
:
v. : CIVIL NO. 3:CV-06-1307
:
JEFFERY A. BEARD, et al., : (Judge Kosik)
:
      Defendants :

**M E M O R A N D U M**

**I.     Introduction**

Jackie Thinna is an inmate currently confined at the State Correctional Institution at Waymart (SCI-Waymart), Pennsylvania.  He filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging claims of inadequate medical care in violation of the Eighth Amendment on July 3, 2006.  Only two (2) defendants remain in this action, Dr. Bekele and Dr. Purcell, both SCI-Waymart employees.[1]

---

[1] The following defendants have previously been dismissed by the court: Jeffery A. Beard and Alan B. Fogel, Secretary and Medical Director of the Department of Corrections, respectively; as well as Dr. Roach and physician assistants Janan Loomis and Jennifer Villano, working under contract with the DOC to provide medical services to SCI-Waymart.  Plaintiff had also named Dr. Malik, but later was permitted to substitute Dr. Bekele for said defendant.

## II.     Background

Plaintiff sets forth claims of deliberate indifference to his medical needs which arose in May and June of 2004, following an unidentified surgical procedure performed by Dr. Roach. Plaintiff specifically avers that a drainage tube was not placed in his surgical wound, and that he was not prescribed any type of aftercare following surgery. He claims that Beard violated his Eighth Amendment rights because as Secretary of the DOC, he is responsible for all persons employed by the DOC and, therefore responsible for the injuries he received at the hands of Roach and Bekele. He contends that Fogel, as the DOC's Medical Director, is responsible for all actions of the medical personnel and, therefore, is also responsible for the actions of Roach and Bekele.

Plaintiff claims that Dr. Roach violated his rights when, as the surgeon, he failed to place a drainage tube in his wound following surgery or prescribe any type of aftercare for him. Defendant Bekele is alleged to have been deliberately indifferent when he removed Plaintiff's staples and his left nipple without first consulting the original attending surgeon, Dr. Roach. According to Plaintiff, Defendants Loomis, Villano and Dr. Purcell are responsible for "indifferent treatment in the aftercare concerning surgery." (Doc. 1, Compl. at unnumbered p. 2a.)[2]

---

[2] While the complaint itself is somewhat sketchy, the exhibits attached to the complaint fill in the following details. Apparently Plaintiff was seen in March of 2004, and received a diagnosis and given treatment options for some unspecified

2

Plaintiff requests declaratory, compensatory and punitive relief.

Presently pending are the following motions filed by Plaintiff which will be addressed by the court: two (2) motions seeking the appointment of counsel (Docs. 44, 46); motion for the production of documents (Doc. 45); motion to continue (Doc. 48); motion to amend/correct the complaint (Doc. 56) and motion for enlargement of time to file briefs opposing the motions to dismiss filed by Defendants Bekele and Purcell (Docs. 58).

### III. Discussion

#### A. Motions for Counsel

Pending are motions seeking the appointment of counsel filed by Plaintiff on July 13, 2007 (Doc. 44) and July 18, 2007 (Doc. 46). These two filings are identical to one another and, in light of the fact that the motions were filed within several days, it is evident that the later filing is merely a copy of the first, and not meant to be filed as a separate motion. Accordingly, it will be dismissed as moot. The earlier motion will be addressed by the court.

---

condition. Surgery was the treatment agreed upon. Surgery was performed in May of 2004. Plaintiff contends that he was returned to the prison directly following surgery and sent straight back to his block without being provided any type of post-operative aftercare or treatment. He claims to have suffered a night filled with pain and awoke to discover his bed saturated in blood from the lack of proper drainage of the wound. (Doc. 1, unnumbered Ex. 2.) He states that the staples were thereafter removed prematurely and in so doing, his left nipple was removed, causing him irreparable damage both physically and mentally. He thereafter was subjected to "indifferent" to "malicious" aftercare.

3

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In this case, while Thinna's complaint alleges deliberate indifference to medical care, several of the Defendants have been dismissed from the case, and motions to dismiss have been filed by the remaining two (2) Defendants. (Docs. 28, 40.) Further, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

    1. The plaintiff's ability to present his or her own case;

4

    2.  The difficulty of the particular legal issues;

    3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

    4.  The plaintiff's capacity to retain counsel on his or her own behalf;

    5.  The extent to which a case is likely to turn on credibility determinations; and,

    6.  Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

This is the fourth motion for appointment of counsel filed by Plaintiff in this matter.  In the instant motion, he actually admits that prior requests have been denied and seeks an enlargement of sixty (60) days to secure private counsel.  The motion was filed in July of 2007, and therefore any such request is now moot as the requested time period has expired and no entry of appearance has been entered by any attorney on Plaintiff's behalf.  To the extent the motion can be construed as again requesting the appointment of counsel by the court, the motion will be denied. Plaintiff basically sets forth the identical arguments advanced in the previous motions citing the complexity of the case, and the need to have experienced counsel review medical records.

These arguments have all been rejected by the court as set forth in the earlier opinions issued.  The issues involved in this action are straightforward, involving the

application of established legal principles to the factual situation at hand.  A review of plaintiff's filings thus far demonstrates his ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case which are understandable.  A review of the filings confirms that Plaintiff is literate and is capable of representing himself despite his incarceration.  Accordingly, his motion for the appointment of counsel will be denied without prejudice at this time.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court sua sponte or the filing of a motion by Plaintiff.

### B.     Motion for Production of Documents

Also pending is a document filed by Plaintiff on July 17, 2007 entitled "Plaintiff's First Request for Production of Documents."  (Doc. 45.)  This filing has been docketed by the Clerk's Office as a "motion".  Without unnecessary elaboration, the Clerk of Court will be directed to strike this filing from the docket as discovery requests are not to be filed with the court unless so ordered.  See M.D. Pa. Local Rule 5.4(b).

### C.     Motion to Continue

On July 18, 2007, Plaintiff filed a document labeled as follows: "Motion to continue Civil Action against the above, while Mr. Thinna obtains private council and receipt of all Medical History related to his Medical Issues. Adding Dr. Roach as Co-Defendant." ( Doc. 48.)  In reviewing this filing, it is apparent that Plaintiff first seeks

the identical relief requested in the motion for counsel previously addressed, and also wishes to add Dr. Roach as a defendant in this action. The court will deny the request for counsel/time to secure private counsel for the reasons stated in the previous section of this Memorandum. The court will further deny any request to add Dr. Roach as a defendant in this matter in that Dr. Roach, a defendant named in the original complaint when it was filed, was previously dismissed from this action in the court's Memorandum and Order dated July 5, 2007.

### D.      Motion to Amend the Complaint

Plaintiff filed a motion on November 13, 2007, basically seeking to amend/supplement the instant complaint with "relevant and material information." (Doc. 56.)  It is well-established that Rule 15(a) of the Federal Rules of Civil Procedure provides this court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however, advises that "leave shall be freely given when justice so requires," Fed. R. Civ.. P. 15(a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. See Foman v. Davis, 371 U.S.

178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002). A denial of leave to amend where none of these factors are present is an abuse of discretion. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., 573 F.2d at 823.

In the instant case, the information Plaintiff seeks to add is all with respect to details and information known to him at the time the original complaint in this action was filed. The matter has now been pending over a year and defendants have been dismissed. To allow such amendment in light of the delay would certainly be prejudicial to Defendants, and clearly is not warranted under the circumstances. Further, Plaintiff also seeks to add claims against Defendants who have already been dismissed from this action. As such, the motion will be denied.

### E. Motion for Enlargement of Time to Oppose Motions to Dismiss

On December 20, 2007, Plaintiff filed a motion seeking an enlargement of thirty (30) days within which to file his briefs in opposition to the motions to dismiss filed by Defendant Purcell and Defendant Bekele. Purcell's motion to dismiss has been pending since March 27, 2007 (Doc. 28), and Bekele's motion since June 19,

2007 (Doc. 40). By previous Order of this court, Plaintiff has been directed to file his responses to these motions or risk the motions being deemed unopposed and granted without a merits analysis. (See Doc. 43, Memorandum and Order issued July 5, 2007.) Instead of filing his opposition to the motions, Plaintiff has pummeled this court with the motions addressed above. The court is cognizant of the fact that Plaintiff is proceeding pro se in this matter, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and in the interests of justice will afford him until February 11, 2008, within which to submit his opposing briefs. No further enlargements of time will be granted, absent exigent circumstances. Again, Plaintiff is advised that the failure to oppose the motions will result in the motions being deemed unopposed and granted without a merits analysis as explained in the court's Memorandum and Order of July 5, 2007 (Doc. 43). An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JACKIE J. THINNA, :
:
      Plaintiff :
:
  v. : CIVIL NO. 3:CV-06-1307
:
JEFFERY A. BEARD, et al., : (Judge Kosik)
:
      Defendants :

# **O R D E R**

**NOW, THIS 16th DAY OF JANUARY, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    Plaintiff's motion for counsel (Doc. 46) is **dismissed as moot**.

    2.    Plaintiff's motion for counsel (Doc. 44) is **denied without prejudice**.

    3.    The Clerk of Court is directed to **strike** from the record and return to Plaintiff his Motion for Production of Documents (Doc. 45).

    4.    Plaintiff's Motion to Continue (Doc. 48) is **denied**.

    5.    Plaintiff's motion to amend the complaint (Doc. 56) is **denied**.

6.      Plaintiff's Motion for Enlargement of Time to oppose the motions to dismiss filed by Defendants Purcell and Bekele (Doc. 58) is **granted** in accordance with the attached Memorandum. Plaintiff shall file his opposing briefs on or before February 11, 2008.

    *s/EDWIN M. KOSIK*
    United States District Judge