UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE J. THINNA, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1307 |
| | : |
| JEFFERY A. BEARD, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**M E M O R A N D U M**

**I.   Introduction**

This civil rights action pursuant to 42 U.S.C. § 1983 alleges inadequate medical care in violation of the Eighth Amendment.  Plaintiff, Jackie Thinna, an inmate confined at the State Correctional Institution, names seven (7) Defendants. The only Defendant that remains in the action is Defendant Bekele, a part-time employee at SCI-Waymart.[1] Bekele has filed a motion to dismiss the complaint (Doc. 40).  The motion is fully briefed and, for the reasons that follow, will be granted.

---

[1] In the complaint Plaintiff named Dr. Malik as a Defendant, but he was later permitted to substitute Dr. Bekele for Dr. Malik.

## II.     Factual Background

In the complaint and attached exhibits, Plaintiff sets forth claims of deliberate indifference to his medical needs which arose in May and June of 2004, following an unidentified surgical procedure performed by Dr. Roach.  Apparently Plaintiff was seen in March of 2004, and received a diagnosis and given treatment options for some unspecified condition.  Surgery was the treatment agreed upon.  Surgery was performed in May of 2004 by Dr. Roach.  Plaintiff contends that he was returned to the prison directly following surgery, and sent straight back to his block without being provided any type of post-operative aftercare or treatment.  He claims to have suffered a night filled with pain, and awoke to discover his bed saturated in blood from the lack of proper drainage of the wound.  (Doc. 1, unnumbered Ex. 2.)  He states that he was sent directly to the infirmary where Defendant Bekele "remove[d] the surgical staples prematurely, these held the wound together, and in so doing inadvertantly (sic) removed [Plaintiff's] left nipple causing irreparable damage, physically and mentally." (Id.)  He requests declaratory, compensatory and punitive relief.  These are the only allegations set forth against Defendant Bekele.

Defendant Bekele moves to dismiss the complaint on the basis of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) and failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2

**III.   Discussion**

   **A.   Exhaustion**

Defendant Bekele seeks the dismissal of the claims against him on the basis that Plaintiff has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), which provides as follows:

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

There is a three-tiered grievance procedure available to inmates confined in the Pennsylvania Department of Corrections which is set forth in DC-ADM 804.  The three levels consist of initial review, followed by an appeal to the facility manager, and then finally an appeal to the Secretary's Office of Inmate Grievances and Appeals.  (Doc. 41, Ex. C.)  There is no question that Plaintiff did file a request for initial review regarding the incidents in this complaint which was responded to by Alex Bazink, Nursing Supervisor at SCI-Waymart.  From there, Plaintiff filed an appeal with the Superintendent.  A response was received from the Superintendent on January 10, 2006.  Thereafter, an appeal to the Secretary's Office dated April 26, 2006 was filed.  In a Memorandum and Order issued on July 5, 2007, granting a motion for summary judgment in favor of Defendants Loomis and Villano, this court previously found that the appeal to the Secretary's Office had been dismissed as

3

untimely.  (See Doc. 43 at 8.)  Thus, it would appear on this basis alone that Plaintiff has failed to exhaust his claims with regard to the incidents complained of in this complaint.[2]

Even if the court were to find that Plaintiff had properly exhausted his claims against Defendant Bekele, we find that he fails to state a claim upon which relief can be granted.  In considering a Rule 12(b)(6) motion to dismiss, the district court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint.  Nor must the court

---

[2] Bekele argues that the claims against him are unexhausted in that only Dr. Malik is mentioned in the grievance pursued and appealed, and not him.  It is true that this court has allowed the substitution of Dr. Bekele for Dr. Malik, as Plaintiff mistakenly thought Dr. Malik was the physician that treated him on the date in question.  However, under the principles set forth in Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004), a plaintiff must identify the person or persons who may have information that could be helpful in resolving the grievance.  See DC-ADM 804, Part VI(A)(1)(d).  It is Bekele's position that he is nowhere mentioned in Plaintiff's grievance or appeals from the denial therefrom.  The court in Spruill found that the purpose of this regulation was to put the prison officials on notice of the persons claimed to be guilty of wrongdoing.  As such, there is "wiggle room" for excusing Plaintiff's failure to specifically identify Bekele if the prison could identify the unidentified person and it could be acknowledged that the unidentified person was "fairly within the compass of the prisoner's grievance."  See Spruill, 372 F.3d at 234.

The court believes that in this case the prison would have known who was on duty that evening and therefore treated Plaintiff, even though he misidentified the doctor in his grievance.  However, we need not resolve this issue as the court finds the dismissal of the appeal to the final level as untimely conclusive.

accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). A motion to dismiss may be granted only where the allegations fail to state any claim upon which relief may be granted. See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is warranted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish a medical claim based on the Eighth Amendment, an inmate must allege (1) acts or omissions by prison officials sufficiently harmful (2) to evidence deliberate indifference to a serious medical need. See Spruill, 372 F.3d at 235; Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The inmate must satisfy this two-part, conjunctive test. Without the requisite mental state, a prison official's conduct alone will not constitute deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837-38, (1994).

In the context of prison medical care, the Eighth Amendment can be violated

5

by the deliberate indifference of: (1) prison doctors in their response to the prisoner's needs; (2) prison guards intentionally denying or delaying access to medical care; or (3) prison staff intentionally interfering with medical treatment once it is prescribed. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

To be deliberately indifferent, a prison official must know of, and disregard, an excessive risk to inmate health or safety. Farmer, supra, 511 U.S. at 837-38 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . ." Estelle, 429 U.S. at 106. It also follows that an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. Durmer, 991 F.2d at 69.

In the instant case, Plaintiff admits that once he awoke and realized he was bleeding from his surgical site, he was immediately taken to the prison's medical department where Defendant provided him with treatment. This treatment included the removal of the surgical staples. During this procedure and Defendant's treatment of Plaintiff's emergency condition, Plaintiff claims the staples were prematurely removed and that his left nipple was removed. Plaintiff himself in the complaint admits that the removal of the nipple was "inadvertent" by Defendant. There is not one fact alleged which even suggests that Defendant possessed the requisite mental state to constitute deliberate indifference. Plaintiff sets forth claims of disagreement

6

with the medical treatment he received or, at best, negligence. These types of allegations do not state an Eighth Amendment medical care claim. See Estelle, 429 U.S. at 106; Durmer, 991 F.2d at 69.[3] Accordingly, the motion to dismiss will be granted.

    An appropriate Order is attached.

---

[3] While throughout his opposition to Bekele's motion to dismiss Plaintiff relies upon facts alleged in his Motion to Amend/Correct the complaint (Doc. 56), this motion was denied by the court on January 16, 2008 (Doc. 61). Presently pending is a "New Motion to Amend/Correct the Complaint" (Doc. 62) to replace the earlier motion (Doc. 56). This motion will be denied for the reasons provided in the denial of the earlier motion.

    Further, although Plaintiff sets forth argument responsive to the exhaustion ground contained in the pending motion to dismiss, the court finds that even if the claims in the complaint were exhausted, Plaintiff still fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) upon which relief can be granted.

7

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE J. THINNA, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1307 |
| | : |
| JEFFERY A. BEARD, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

# **O R D E R**

**NOW, THIS            DAY OF FEBRUARY, 2008,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's "New Motion to Amend/Correct" (Doc. 62) is **denied**.

2. Defendant Bekele's motion to dismiss (Doc. 40) is granted. All claims set forth against Bekele are dismissed.

3. The Clerk of Court is directed to close this case.

4. Any appeal from this Order will be deemed frivolous, not taken in good faith and lacking in probable cause.

*s/EDWIN M. KOSIK*
United States District Judge